Justice Ginsburg,
concurring.
In its brief in opposition to Bloate’s petition for certiorari, the Government argued that the indictment against Bloate need not be dismissed even if, as the Court today holds, the additional time Bloate gained to prepare pretrial motions *216 does not qualify for automatic exclusion from the Speedy Trial Act's 70-day limit. I join the Court’s opinion on the understanding that nothing in the opinion bars the Eighth Circuit from considering, on remand, the Government’s argument that the indictment, and convictions under it, remain effective.
Bloate moved, on September 7, 2006, to extend the deadline for filing pretrial motions. The Magistrate Judge granted Bloate’s request that same day, extending the deadline from September 13 to September 25. Having gained more time, Bloate decided that pretrial motions were unnecessary after all. Accordingly, on September 25, he filed a proposed waiver of his right to file such motions. On October 4, the Magistrate Judge accepted the waiver following a hearing at which the judge found the waiver knowing and voluntary. As urged by the Government, even if the clock continued to run from September 7,
“it stopped on September 25, when [Bloate] filed a pleading advising the court that he had decided not to raise any issues by pretrial motion. . . . Although not labeled a pretrial motion, that pleading required a hearing . . . and served essentially as a motion for leave to waive the right to file pretrial motions.... The [Speedy Trial Act] clock thus stopped . . . under 18 U. S. C. 3161(h)(l)[(D)] until the matter was heard by the court on October 4, 2006.” Brief in Opposition 11-12.
By the Government’s measure, excluding the time from September 25 through October 4 would reduce the number of days that count for Speedy Trial Act purposes to 65, 5 days short of the Act’s 70-day threshold. See id., at 12.
The Government reiterated this contention at oral argument. “[E]ven if the time starting on September 7th [i]s not excluded,” counsel said, Bloate’s September 25 filing “triggered] its own exclusion of time” until the hearing held by the Magistrate Judge on October 4. Tr. of Oral Arg. 34. *217 See also id., at 45-48. This argument, the Government suggested, “should be taken into account on any remand.” Id., at 34. See also id., at 43-44 (“[I]f the Court thinks that an incorrect amount of time . . . was . . . excluded, . . . the appropriate thing to do in that circumstance would be for the Court to leave that open on remand, assuming that it’s . .. preserved.”).
The question presented and the parties’ merits briefs address only whether time granted to prepare pretrial motions is automatically excludable under 18 U. S. C. § 3161(h)(1) (2006 ed. and Supp. II). As a court of ultimate review, we are not positioned to determine, in the first instance, and without full briefing and argument, whether the time from September 25 to October 4 should be excluded from the Speedy Trial Act calculation. But the Eighth Circuit is not similarly restricted. It may therefore consider, after full airing, the Government’s argument that Bloate’s indictment should not be dismissed despite his success in this Court.*

Bloate contends that the Government forfeited this argument by earlier failing to urge exclusion of this discrete period in the District Court or the Eighth Circuit. Reply to Brief in Opposition 10-11; Tr. of Oral Arg. 58. Whether the Government preserved this issue and, if it did not, whether any exception to the ordinary forfeiture principle applies are matters within the Eighth Circuit’s ken.